UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THERESA WILKERSON | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| GALLIANO MARINE SERVICE, LLC and OFFSHORE SERVICE VESSELS, LLC | * | SECTION: |
| *   *   *   *   *   *   * | | MAGISTRATE: |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes THERESA WILKERSON, a person of full age of majority and a resident of the Parish of Lafayette, State of Louisiana, and for her Complaint, he respectfully avers as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States.

II.

Plaintiff, THERESA WILKERSON, at all times pertinent hereto, was a person of the full age of majority and resident of Lafayette, Louisiana.

III.

At all time pertinent hereto, Defendant, GALLIANO MARINE SERVICE, LLC., was and is a corporation with its principal place of business in Louisiana located in Cut Off, Louisiana.

At all time pertinent hereto, Defendant, OFFSHORE SERVICE VESSELS, LLC., was and is a corporation with its principal place of business in Louisiana located in Cut Off, Louisiana.

1

IV.

At all times pertinent hereto, defendants were the employer of Plaintiff, THERESA WILKERSON, and/or the owner and/or operator of the M/V C-PROVIDER on the navigable waters of the United States of America within the jurisdiction of this Honorable Court.

V.

At all times pertinent hereto, Plaintiff, THERESA WILKERSON, was employed by the defendants as a seaman and member of the crew of the M/V C-PROVIDER and acting within the course and scope of her employment as a cook on said vessel.

VI.

On or about August 19, 2013, Plaintiff, THERESA WILKERSON, was injured when she was caused to fall on the deck on the M/V C-PROVIDER .

VII.

Plaintiff was in no manner negligent.  On information and belief, Plaintiff alleges that the sole and proximate cause of her injuries, as described herein, was the negligence and/or failure of the Defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel named herein for one or more of the following respects:

1. Failing to provide Plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain the vessel;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish her job in a reasonably safe manner;

7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

9. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional paind and suffering and damages;

10. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, THERESA WILKERSON, sustained severe bodily injuries, including a broken wrist, possible carpal tunnel, as well as possible ruptured discs and nerve damage, and other injuries to her bones, muscles and joints, organs and tissues among other component parts of her body.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, THERESA WILKERSON, has sustained damages in one or more of the following categories, to-wit:

1. Past and future medical expenses;

2. Past and future wage loss or diminution of earning capacity;

3. Past and future physical and mental pain and suffering;

4. Past and future loss of household services;

5. Punitive/exemplary damages as may be allowed under the general maritime law;

6. Other damages to be shown at the trial of this matter.

X.

Pleading further, in the alternative, if it be shown that Plaintiff, THERESA WILKERSON, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XI.

Plaintiff, THERESA WILKERSON, would show that on the above mentioned dates, he was injured while in the service of the vessel named herein. As a result, Defendants had and continues to have a non-delegable duty to provide the Plaintiff, THERESA WILKERSON, with maintenance and cure benefits. Plaintiff, THERESA WILKERSON, would show that she has not reached maximum medical improvement and that Defendants' duty continues. The maintenance rate owed to Plaintiff, THERESA WILKERSON, by defendants is upon information and belief approximately $50.00 (FIFTY AND 00/100 DOLLARS) per day.

XII.

Should Defendants unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbirtartily and/or caprciously delay payment for maintenance and/or cure or pay an insufficient amount, then Defendants are legally liable to Plaintiff, THERESA WILKERSON, for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

XIII.

Plaintiff respectfully prays for a trial by jury on all issues presented herein.

WHEREFORE, premises considered, Plaintiff, THERESA WILKERSON, prays that this

Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the plaintiff, THERESA WILKERSON, and against Defendants, GALLIANO MARINE SERVICE, LLC and OFFSHORE SERVICE VESSELS, LLC, in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the defendants for for compensatory damages, attorney's fees, costs and exemplary/punitive damages for any willful, wanton, arbitrary, and/or capricious, failure and/or refusal to pay and/or delay in paying plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:


__s/ David C. Whitmore_____
LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE    (17864)
SCHEUERMANN & JONES
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380